IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nathaniel Eaddy, Jr., | ) C/A No. 0:10-1165-HFF-PJG |
| Plaintiff, | ) |
| vs. | ) |
| | ) **REPORT AND** |
| Thomas McFadden; Neil Tanner; | ) **RECOMMENDATION** |
| Florence Morning News, | ) |
| Defendants. | ) |

The plaintiff, Nathaniel Eaddy, Jr., ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 alleging false arrest, false imprisonment, slander, defamation, and infliction of emotional distress in connection with his arrest and detention on charges of burglary, kidnaping and armed robbery. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is a pretrial detainee at the Florence County Detention Center ("FCDC") and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

## BACKGROUND

In his Complaint, Plaintiff alleges that Defendant McFadden, an investigator with the Florence County Sheriff's Department, arrested him on/about February 16, 2010, based on false accusations made by Defendant Tanner (the crime victim) and others. He also alleges that Defendant Florence Morning News defamed him when it reported on his arrest. Plaintiff claims to have exhausted his administrative remedies by writing two letters to the Florence County Sheriff, which were ignored. Plaintiff seeks his immediate release

from custody, compensatory and punitive damages from Defendants, and investigation of Defendant McFadden's alleged misconduct. Plaintiff's claims against Defendants McFadden and Tanner are liberally construed as attempts to state Fourth Amendment unreasonable seizure claims in the nature of false arrest and/or malicious prosecution claims under 42 U.S.C. § 1983. Plaintiff alleges a defamation claim only against Defendant Florence Morning News.

Because it was unclear from the face of his Complaint whether Plaintiff claims that he was initially arrested without a warrant, Special Interrogatories were prepared for Plaintiff to answer as one of the requirements of a proper form order issued by the court on June 9, 2010. Plaintiff brought the case into proper form and filed his Answers to the Court's Special Interrogatories on June 15, 2010, in which he states that he was served with an arrest warrant when he was arrested and taken into custody on/about February 16, 2010. (Docket Entry 9.)

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the

administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

Plaintiff's Complaint does not allege violation of a specific federal statute and does not cite to 42 U.S.C. § 1983, but because Plaintiff alleges "illegal arrest and false imprisonment" (Compl., Docket Entry 1 at 5 ), his Complaint should be liberally construed as an attempt to allege claims for relief under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights[2], as well as for state law torts. The civil rights statute 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994), quoting Baker v. McCollan, 443 U.S. 137, 144, n.3 *(1979). To assert a claim under § 1983, Plaintiff must allege "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" by a person acting under color of state law. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).

---

[2]The Fourth Amendment prohibits law enforcement officers from making unreasonable seizures, and seizure of an individual effected without probable cause is unreasonable. Brooks v. City of Winston-Salem, 85 F.3d 178, 183 (4th Cir. 1996) (citing Graham v. Connor, 490 U.S. 386, 396-97 (1989)). Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973).

PJG

In a § 1983 action based on unreasonable seizure, "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." Porterfield v. Lott, 156 F.3d 563, 568 (4th Cir. 1998); Brooks v. City of Winston-Salem, 85 F.3d 178, 181-82 (4th Cir. 1996) (when arresting official makes the arrest with a facially valid warrant it is not false arrest); see also Dorn v. Town of Prosperity, No. 08-2005, 2010 WL 997175 (4th Cir. March 18, 2010). Here, Plaintiff's Answers to the Court's Special Interrogatories plainly state that he was served with an arrest warrant when he was arrested and detained on/about February 16, 2010. Thus, the Complaint fails to state a claim under § 1983 for violation of constitutional rights based on the allegations of false arrest. See McCormick v. Wright, No. 2:10-cv-00033-RBH, 2010 WL 565303 (D.S.C. Feb 17, 2010) (citing Jovanovic v. City of New York, No. 04 CV 8437(PAC), 2008 WL 355515 (S.D.N.Y Feb. 7, 2008) (Heck remains viable in the pretrial detainee malicious prosecution claim context).

Liberally construed, the Complaint alleges a Fourth Amendment violation in the nature of malicious prosecution.[3] Plaintiff alleges the defendants "falsely accuse[d] [him] of criminal acts [he] did not commit," (Compl., Docket Entry 1 at 4), and that he is now being wrongly detained and prosecuted on those accusations. While Plaintiff does not dispute that he was arrested with a warrant, his Complaint may be construed to allege that the arrest warrant was not supported by probable cause. "[A]llegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for a period after legal process issued, are analogous to the common-law tort of malicious

---

[3] The U.S. Supreme Court has "never explored the contours of a Fourth Amendment malicious-prosecution suit under § 1983." Wallace v. Kato, 549 U.S. 384, 390 n.2 (2007), citing Albright v. Oliver, 510 U.S. 266, 270-71, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994).

prosecution." Porterfield v. Lott, 156 F.3d at 568; Brooks v. City of Winston-Salem, 85 F.3d at 181-82.

To state a viable claim for a seizure with a warrant that violated Plaintiff's Fourth Amendment rights, Plaintiff must demonstrate that he was arrested pursuant to a warrant not supported by probable cause and that the criminal proceedings against him terminated in his favor. Burrell v. Virginia, 395 F.3d 508, 514 (4th Cir. 2005). A § 1983 claim for malicious prosecution incorporates the common law element of favorable termination to state a cause of action. See id.; Lambert v. Williams, 223 F.3d 257, 261-62 & n.2 (4th Cir. 2000); see also Schilling v. White, 58 F.3d 1081 (6th Cir. 1995) (noting that in common law tort liability, proof of the illegality of a conviction is a necessary element, and unless that conviction has been reversed, there has been no injury of constitutional proportion, and therefore no § 1983 action may exist). Accordingly, Plaintiff fails to state a viable malicious prosecution-type Fourth Amendment claim against any defendant at this point in his prosecution. Wallace v. Kato, 549 U.S. at 392-92.

Plaintiff's only claim against Defendant Florence Morning News is that it defamed him by reporting about his arrest. Defamation is a state-law-based cause of action that may only be heard in federal court where there is diversity of citizenship among the parties or where there is supplemental jurisdiction based on other viable federal claims. See Ysais v. Richardson, 603 F. 3d 1175, 1179 (10th Cir. 2010); Good v. City of Sunbury, 352 F. Appx. 688, 689-90 (3d Cir. 2009); see also Quint v. Village of Deerfield, No. 07-C 5413, 2010 WL 675565, * 1 (7th Cir. Feb. 26, 2010).

Because the federal question Fourth Amendment claims should be dismissed in this case, the court should decline to exercise supplemental jurisdiction over the state law claim of defamation that Plaintiff asserts against Defendant Florence Morning News. Under

supplemental jurisdiction, the federal claim acts as a jurisdictional "crutch." David D. Siegel, Commentary on 1990 Revision, appended to 28 U.S.C.A. § 1367 (West 1993). Title 28 U.S.C. § 1367(c)(3) recognizes that, once that crutch is removed, the remaining state claim should not be adjudicated. This court should dismiss Plaintiff's § 1983 claims, and thus, this court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims under § 1367(c)(3). See Lovern v. Edwards, 190 F. 3d 648, 655 (4th Cir. 1999) ("[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants."). The state law claims should be dismissed without prejudice, thus allowing Plaintiff to pursue them in state court.[4]

**RECOMMENDATION**

Accordingly, the court recommends that the Complaint be dismissed without prejudice and without issuance and service of process. See 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim upon which relief may be granted); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

_____
Paige J. Gossett
United States Magistrate Judge

July 13, 2010
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the following page.*

---

[4] Plaintiff's state claims are subject to established time limits for filing certain tort claims. See S. C. Code Ann. § 15-3-530.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).